Filed 8/21/23  P. v. Vera-Balam CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RODOLFO VERA-BALAM,<br><br>    Defendant and Appellant. | A166002<br><br>(Marin County Super. Ct. No. SC211219A) |

Rodolfo Vera-Balam (appellant) appeals from an order reimposing a $25 administrative screening fee as a term of his reinstated probation. Respondent the People of the State of California agrees that the fee should be vacated.  We will vacate the fee and affirm the order as so modified.[1]

---

[1]     In its respondent's brief, respondent further observed that appellant was entitled to modification of his probation term from five years to four years due to an amendment to Penal Code section 1203.1.  Appellant filed a reply brief, agreeing that the probation term should be reduced to four years. On June 8, 2023, respondent filed a motion in this court seeking to withdraw the portion of its brief that advocated for a reduction in the probationary term, on the ground the argument was moot due to a trial court order reducing the probationary term to three years.  On June 12, 2023, appellant filed a motion in this court to strike his reply brief for the same reason.  We hereby grant both motions.  Our affirmance of the trial court's order at issue in this appeal is not intended to affect any subsequent order of the trial court as to the length of the probationary term.

## I. FACTS AND PROCEDURAL HISTORY

In January 2020, appellant pleaded guilty to driving with a blood alcohol content over .08 percent and causing injury (Veh. Code, § 23153, subd. (b)) and driving with a license suspended for driving under the influence (Veh. Code, § 14601.2, subd. (a)). He admitted he had two prior convictions for driving under the influence (Veh. Code, § 23566).

In February 2020, the trial court suspended imposition of sentence and placed appellant on probation for five years, with various terms and conditions. One of the terms was that appellant pay a "$25 administrative screening fee." (Capitalization omitted.)

In September 2021, the probation department filed a notice that appellant violated conditions of his probation by testing positive that month for methamphetamine and alcohol.

In October 2021, appellant admitted he violated his probation by consuming alcohol and not leading a law-abiding life. The trial court revoked and reinstated probation on the previously-ordered terms and ordered appellant to serve an additional 60 days in county jail. At a hearing on January 4, 2022, the trial court denied appellant's motion to reduce the term of his probation from five years to four years and ordered that all previously-ordered terms and conditions of probation (implicitly including the screening fee) remain in effect. Appellant timely appealed from the January 4, 2022 order.

## II. DISCUSSION

Appellant contends the $25 administrative screening fee must be stricken. Respondent agrees, as do we.

Although the trial court did not indicate a statutory basis for imposing the fee originally, the parties conclude it must have been imposed pursuant

2

to former Penal Code section 1463.07, which stated that "[a]n administrative screening fee of twenty-five dollars ($25) shall be collected from each person arrested and released on his or her own recognizance upon conviction of any criminal offense related to the arrest other than an infraction."

Effective September 23, 2021, however, the Legislature repealed Penal Code section 1463.07 and amended Penal Code section 1465.9, subdivision (a) to provide that "[t]he balance of any court-imposed costs pursuant to [section 1463.07 as it] read on June 30, 2021, shall be unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated." (Stats. 2021, ch. 257, §§ 34–35.)

The trial court therefore erred by reimposing the administrative screening fee in January 2022. Accordingly, we will vacate the fee to the extent it remained unpaid as of July 1, 2021. (See *People v. Rowland* (2022) 82 Cal.App.5th 1099, 1125 [vacating unpaid portion of specified fees].)

## III.  DISPOSITION

The order of January 4, 2022, is modified as follows: the previously-imposed $25 administrative fee is vacated as to any portion that remained unpaid as of July 1, 2021. As so modified, the order is affirmed. The trial court shall prepare an amended minute order to reflect this modification.

_____
Chou, J.

We concur:


_____
Jackson, P.J.


_____
Simons, J.

*People  v. Vera-Balam* / A166002

4